Affirmed in Part and Reversed and Remanded in Part and Majority and
Concurring and Dissenting Opinions filed June 24, 2008








Affirmed
in Part and Reversed and Remanded in Part and Majority and Concurring and
Dissenting Opinions filed June 24, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00848-CV

____________

 

LENIETA WYLENE TROUSDALE, Appellant

 

V.

 

ANNETTE M. HENRY, R. CHRISTOPHER BELL, AND BELL &
HENRY, L.L.P., Appellees

 



 

On Appeal from the 129th District Court

Harris
County, Texas

Trial Court Cause No. 2005-81941

 



 

C O N C U
R R I N G    A N D    D I S S E N T I N G    O P I N I O N








I concur
in the majority=s holding that Lenieta Trousdale=s legal malpractice claim is
time-barred; however, I respectfully dissent from the majority=s conclusion that Trousdale=s claim for breach of fiduciary duty
is separate and independent from her legal malpractice claim.  Applying the
parties= arguments to the record before us, I
would conclude that Trousdale=s claim of legal malpractice encompasses her claim of breach
of fiduciary duty.  Although none of the considerations discussed below is
individually dispositive, they collectively demonstrate that the gist of
Trousdale=s complaint is her contention that she lost her underlying claims through
appellees= professional negligence.  See Deutsch v. Hoover, Bax & Slovacek,
L.L.P., 97 S.W.3d 179, 189 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 

I.  Analysis

A.        Claimant=s Characterization of AMisrepresentations@ Not Dispositive

A claim
against an attorney for breach of fiduciary duty Arequires allegations of self-dealing,
deception, or misrepresentations that go beyond the mere negligence allegations
in a malpractice action.@  McMahan v. Greenwood, 108 S.W.3d 467, 495 (Tex. App.CHouston [14th Dist.] 2003, pet.
denied) (citing Goffney v. Rabson, 56 S.W.3d 186, 193B94 (Tex. App.CHouston [14th Dist.] 2001, pet. denied)). 
On the other hand, a client cannot necessarily sustain a separate cause of
action for breach of fiduciary duty based on misrepresentations or deception
simply by characterizing the conduct as such a breach.  Greathouse v.
McConnell, 982 S.W.2d 165, 172 (Tex. App.CHouston [1st Dist.] 1998, pet.
denied).  Labels used by the parties are not determinative.  Goffney, 56
S.W.3d at 192.  Instead, we must examine the substance of the claims and
determine if the allegations Ago beyond@ the alleged professional negligence.  McMahan, 108
S.W.3d at 495.








A claim of legal malpractice may be
described as a claim for professional negligence. Golden v. McNeal, 78
S.W.3d 488, 492 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).  Negligence consists
of a breach of duty owed to the claimant that proximately causes the claimant
damages.  Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex. 2006) (per
curiam).  Similarly, to prevail on a legal malpractice claim, a plaintiff must
show Athat (1) the attorney owed the
plaintiff a duty, (2) the attorney breached that duty, (3) the breach
proximately caused the plaintiff=s injuries, and (4) damages
occurred.@  Alexander v. Turtur & Assocs., Inc., 146 S.W.3d 113, 117
(Tex. 2004).  But because an
attorney is a fiduciary as a matter of law, the professional negligence of an
attorney is often measured against the duties the attorney owes to the client
as a fiduciary.  Murphy v. Gruber, 241 S.W.3d 689, 696 (Tex. App.CDallas 2007, pet. denied).[1] 
Thus, it is sometimes unclear whether an attorney=s breach of duty is more
appropriately characterized as malpractice or breach of fiduciary duty.  See
Deutsch, 97 S.W.3d at 189 (noting that Athere are confusing statements in
dicta in some of the cases.@).  To make that determination, we may consider whether the
claim of breach of fiduciary duty Agoes beyond@ the malpractice claim, or whether it
instead relies on the same set of facts and seeks the same remedies.  McMahan,
108 S.W.3d at 495.

B.        No
Reliance on Distinct Facts








In determining whether a claim is
improperly fractured, we may examine the facts asserted in the client=s pleadings to determine if they
allege a cause of action distinct from the attorney=s alleged negligence.  See Murphy,
241 S.W.3d at 698 (examining the acts or omissions alleged in the petition to
determine the substance of the complaint); Haas v. George, 71 S.W.3d
904, 910 (Tex. App.CTexarkana 2002, no pet.) (holding that motion for summary
judgment on legal malpractice claims encompassed breach-of-fiduciary-duty
claims arising from the same set of facts); Cuyler v. Minns, 60 S.W.3d
209, 216 (Tex. App.CHouston [14th Dist.] 2001, pet. denied) (reasoning that
summary judgment on breach-of-fiduciary-duty claim is proper if summary
judgment on malpractice claim is proper, and both arise from same set of facts
and circumstances); Klein v. Reynolds, Cunningham, Peterson & Cordell,
923 S.W.2d 45, 49 (Tex. App.CHouston [1st Dist.] 1995, no pet.) (op. on reh=g) (concluding that alternative
causes of action in the appellant=s petition Aare all essentially >means to an end= to achieve one complaint of legal
malpractice.@ (quoting LTV Energy Prods. Co. v. Chaparral Inspection Co., 827
S.W.2d 593, 594B95 (Tex. App.CHouston [1st Dist.] 1992, writ denied))).  In Cuyler,
for example, two attorneys tried their client=s automobile accident claim to a
jury, which awarded $5,000 in damages.  Cuyler, 60 S.W.3d at 212.  The
client sued the defendant attorney for breach of fiduciary duty, breach of
contract, negligence, DTPA violations, negligence per se, and violations of the
Texas Disciplinary Rules of Professional Conduct.  Id.  We concluded
that Cuyler=s claims for breach of contract and breach of fiduciary duty represented
an impermissible fracturing of her legal malpractice claim.  Id. at 216
(AIf a lawyer=s error or mistake is actionable, it
should give rise to a cause of action for legal malpractice with one set of
issues which inquire if the conduct or omission occurred, if that conduct or
omission was malpractice and if so, subsequent issues on causation and damages.@ (quoting Sledge v. Alsup, 759
S.W.2d 1, 2 (Tex. App.CEl Paso 1988, no writ))).  








Here, the facts pleaded in support of
Trousdale=s breach-of-fiduciary-duty claim are the same as those asserted in her
legal malpractice claim.  Although Trousdale argues that appellees
misrepresented that the files in her underlying case were sealed, this
assertion is pleaded in connection withCand appears inseparable fromCher allegations that appellees
(1) failed to inform her that her cases were dismissed, and
(2) failed to return her files.  Such allegations are more appropriately
characterized as claims of professional negligence.  See, e.g., 
Archer v. Med. Protective Co. of Fort Wayne, Ind., 197 S.W.3d 422, 427B28 (Tex. App.CAmarillo 2006, pet. denied) (failure
to communicate with client involves malpractice rather than breach of fiduciary
duty).[2]  Although the
allegation of the same facts for legal malpractice and breach of fiduciary duty
is not dispositive of the fracturing issue, such repackaging of claims supports
the conclusion that the claims are essentially one claim in different guises.[3] 
And significantly (as discussed infra), Trousdale relied on the same
allegations, albeit unsuccessfully, in her attempts to toll limitations on her
malpractice claims.  

C.        No
Harm or Benefit from Alleged Breach

The elements of a cause of action for
breach of fiduciary duty are:

1.         A fiduciary relationship between the
plaintiff and defendant that was 

2.         breached by the defendant, resulting in

a.         injury to the plaintiff, or 

b.         benefit
to the defendant.[4]

Here, there are no injuries to the
client or benefit to the attorneys other than those attributable to the legal
malpractice claim.

1.         No
Distinct Harm to Client








When a claim of breach of fiduciary
duty is based upon injury to the client, damages caused by the attorney=s professional negligence will not
support the separate claim.  See Deutsch, 97 S.W.3d at 191.  In Deutsch,
we concluded that the trial court erred in granting a directed verdict on the
grounds that the client=s claims of breach of fiduciary duty, which were based on
undisclosed conflicts of interest and failure to withdraw due to those
conflicts, improperly fractured the client=s legal malpractice claims.  Id. 
Although we concluded that these were distinct claims, we affirmed part of the
trial court=s judgment on another basis.  Specifically, we held that the trial court
properly granted directed verdict on those particular fiduciary-duty claims
because there was no evidence of damages attributable to the conduct that was
alleged to constitute the breach rather than conduct that allegedly constituted
professional negligence.  Id.[5]  

Here, we must determine whether a
separate claim is alleged; thus, we look to the pleadings rather than the
evidence.  See Goffney, 56 S.W.3d at 194.  Trousdale initially alleged
that appellees= negligence caused the dismissal of her underlying suits, resulting in Aactual economic damages of at least
$360,000.00 from a loss of all of her personal property that had been converted
and an interest in real estate which she was entitled to.@  As pleaded, these damages arose, if
at all, from the professional negligence of her attorneys in allowing her
claims to be dismissed, not from a misrepresentation that her case files were
sealed.  And Awhen an attorney=s malpractice results in financial loss, the aggrieved client
is fully compensated by recovery of that loss; the client may not recover
damages for mental anguish or other personal injuries.@  Belt v. Oppenheimer, Blend,
Harrison & Tate, Inc., 192 S.W.3d 780, 784 (Tex. 2006) (citing Douglas
v. Delp, 987 S.W.2d 879, 885 (Tex. 1999)); see also Winkle
Chevy-Olds-Pontiac, Inc. v. Condon, 830 S.W.2d 740, 746 (Tex. App.CCorpus Christi 1992, writ dism=d) (mental anguish damages are not
ordinarily awarded in conversion actions).








Trousdale subsequently amended her
petition to add the statement, APlaintiff also sues for mental anguish damages proximately
caused by Defendants[=] breach of fiduciary duties[,]@ and she alleged that the breach
consisted of appellees= false statements that her files were sealed.  Trousdale
further asserted that these misrepresentations were made in an attempt to
conceal appellees= negligence.  But as discussed infra, the remedy for
such concealment of professional negligence is to delay the accrual of the
malpractice cause of action until the client knows or in the exercise of
reasonable diligence should have known of the malpractice.  For the reasons
discussed by the majority, I agree that, despite Trousdale=s allegations that appellees
attempted to conceal their negligence, the malpractice cause of action accrued
more than two years before suit was filed. 

2.         No
Distinct Benefit to Appellees

A person who violates an agreement to
perform compensable services in a fiduciary relationship breaches the agreement
on which the right to compensation is based.  Burrow, 997 S.W.2d at
237.  But although it is unnecessary for a client to sustain actual damages to
maintain an action for breach of fiduciary duty, Trousdale also did not seek
the equitable remedy available for such a breachCi.e., the return of the fees by which
appellees benefitted.  See id. at 232 (A[A]n attorney who breaches his
fiduciary duty to his client may be required to forfeit all or part of his fee,
irrespective of whether the breach caused the client actual damages.@); cf. Murphy, 241 S.W.3d at
698 (holding that clients= allegations constituted claims of legal malpractice, but the
remedies soughtCfee forfeiture and constructive trustCare breach-of-fiduciary-duty
remedies).  Further, she did not allege matters necessary to support such
relief.  See Burrow, 997 S.W.2d 229 at 241 (full or partial fee
forfeiture must be based on Aclear and serious violation of duty@).[6]


Although Trousdale did not allege a
distinct injury or benefit to sustain an independent claim for breach of
fiduciary duty, the face of her pleadings demonstrates another purpose for her
allegations: that of overcoming the time-bar to her malpractice claims.  

D.        Equitable
Estoppel and the Discovery Rule








Although it is not a separate cause
of action, equitable estoppel may be asserted as a defensive plea to bar a
defendant from raising the defense of limitations.  Joe v. Two Thirty Nine
Joint Venture, 145 S.W.3d 150, 156 n.1 (Tex. 2004).  Similarly, the Adiscovery rule@ can delay a claim for legal
malpractice from accruing until the client knows or in the exercise of
reasonable diligence should have known of the attorney=s wrongful act.  Hughes v. Mahaney
& Higgins, 821 S.W.2d 154, 156 (Tex. 1991).  

Here, the facts that Trousdale
characterizes as a claim for breach of fiduciary duty are actually asserted as
a defense to the limitations bar applicable to her malpractice claims.  For
example, Trousdale pleaded the following in connection with her
professional-negligence claim:

Defendants fraudulently
concealed their negligence in failing to appear at the trial settings in
September-October 2002 from Plaintiff.  Defendants knew that they had committed
negligence in letting Plaintiff[=]s cases be dismissed based upon
their non[-]appearance.  Defendants failed to disclose the dismissal to
Plaintiff and used deception to conceal their negligence by Defendant
Henry telling Plaintiff when she inquired about when the trial would be held
that a hearing had been Amissed@ and at that time could not be rescheduled because the trial
court had sealed the file.  Plaintiff relied upon the deceptive
misrepresentations of Defendant Henry and was not able to learn the true facts
of dismissal until she obtained the file in September 2005.  Thus, Defendants
are equitably estopped by their deceptive representations to assert the statute
of limitations to Plaintiff=s negligence claims until at least
September 2005.            

(Emphasis added).  She then asserted
that her attorneys breached their fiduciary duties as follows:

Defendants failed to disclose the dismissal of
Plaintiff[=]s cases to her, immediately after their dismissal in
September-October 2002, while continuing to demand and accept payment for their
services and misrepresenting to Plaintiff that her cases could not be
rescheduled for hearing because the files were sealed.

Defendants
intentionally refused to return Plaintiff=s files to her, while continuing to
act as her attorneys, until September 2005, in order to conceal from
Plaintiff that her cases had been dismissed and were time[-]barred.








(Emphasis added).  Thus, Trousdale=s pleadings reveal that her legal
malpractice claims are time-barred unless there is a basis on which to avoid
limitations.  

Although she characterizes appellees= alleged deception as a breach of
fiduciary duty, I would describe these allegations as a defense to limitations.
 The reasons for treating such allegations as an invocation of the discovery
rule rather than a separate cause of action are exemplified in the following
discussion in Willis v. Maverick:

The special relationship between an
attorney and client further justifies imposition of the discovery rule.  A
fiduciary relationship exists between attorney and client.  As a fiduciary, an
attorney is obligated to render a full and fair disclosure of facts material to
the client=s representation.  The client must feel free to rely on his attorney=s advice.  Facts which might
ordinarily require investigation likely may not excite suspicion where a
fiduciary relationship is involved.  Further, breach of the duty to disclose is
tantamount to concealment.  Thus, the California Supreme Court writes: A[p]ostponement of
accrual of the cause of action until the client discovers, or should discover,
the material facts in issue vindicates the fiduciary duty of full disclosure;
it prevents the fiduciary from obtaining immunity for an initial breach of duty
by a subsequent breach of the obligation of disclosure.@

760 S.W.2d 642, 645 (Tex. 1988)
(emphasis added, citations omitted).  In sum, I would conclude that the factual
assertions at issue are not distinct from and do not Ago beyond@ Trousdale=s malpractice claim.  See McMahan,
108 S.W.3d at 495.  To the contrary, these allegations are the underpinnings
essential to maintain a malpractice claim at this late date; thus, treatment of
these allegations as a separate breach-of-fiduciary-duty claim impermissibly
fractures Trousdale=s legal malpractice claim.  I therefore would hold that all
of Trousdale=s claims are time-barred, and I would affirm the summary judgment in its
entirety.

II.  McMahan
Distinguished








Although I agree with the majority
that McMahan v. Greenwood offers some guidance in analyzing the issues
presented in this case, my interpretation of that case differs from that expressed
by the majority.[7]  The majority
describes McMahan as a suit brought by a client, McMahan, against his
former attorney, Henderson.  See Majority Opinion, ante at 12B13.  But in McMahan, the
existence of an attorney-client relationship was an unresolved question of
fact.  McMahan, 108 S.W.3d at 492, n.10 (observing that McMahan raised
alternative claims based on the existence or the absence of an attorney-client
relationship, but concluding that the reviewing court Aneed not define the precise
parameters of McMahan=s lawsuit@); id. at 493 (stating that McMahan responded to
motions for summary judgment that denied the existence of an attorney-client
relationship Awith more than a scintilla of evidence regarding the existence of an
attorney-client relationship@).  Given the existence of this question of material fact, we
could not and did not express an opinion as to whether McMahan=s various causes of action
impermissibly fractured a claim of professional negligence. 

The majority, however, reads McMahan
to imply that a client is likely to have a cause of action for breach of
fiduciary duty that is distinct from a claim for legal malpractice if the
client alleges that his attorney has made uncorrected misrepresentations.  See
Majority Opinion, ante at 12B13.  I do not read McMahan to
suggest an opinion in that situation, which, as the majority acknowledges, was
not presented in that case. 








In particular, I would like to
emphasize that our conclusion that McMahan=s claims of fraud, fraudulent
concealment, and fraudulent inducement survived summary judgment was not
dependent on the existence of an attorney-client relationship.  Id. at
493B94.  Instead, we concluded that the
defendant attorney had a Aduty to disclose the entire truth and to correct any
misimpressions caused by his earlier statements@ regardless of whether an attorney-client
relationship existed.  Id. at 494 (discussing the fraudulent concealment
claim and citing Anderson, Greenwood & Co. v. Martin, 44 S.W.3d 200,
212B13 (Tex. App.CHouston [14th Dist.] 2001, pet. denied));
id. at 495 (discussing claims of fraud and fraudulent inducement and
concluding that the facts supported a duty to disclose).  Our reliance on Anderson
is significant, for in that case, we explained that the existence of a
fiduciary relationship is but one of several possible bases for imposing a duty
to disclose.  Anderson, 44 S.W.3d at 212.  As relevant to this case, we
expressly recognized in Anderson that one who Amakes a partial disclosure and
conveys a false impression@ has a duty to disclose information to correct that false
impression.  Id. at 213.  As Anderson illustrates, that duty is
independent of the existence of a fiduciary relationship.  Id.

Regarding McMahan=s claims of negligent
misrepresentation, we explained, A[the attorney=s] arguments are identical to those
he asserted against McMahan=s fraud and fraudulent inducement causes of action.  For the
reasons we rejected them there, we reject them here.@  McMahan, 108 S.W.3d at 497. 
And because the claims of fraud, fraudulent inducement, fraudulent concealment,
and negligent misrepresentation survived summary judgment, the evidence
supporting those claims was Asome evidence@ of an unlawful overt act.  Consequently, McMahan=s conspiracy claim also survived the
motion for no-evidence summary judgment, because the only ground for judgment
asserted in that motion was the absence of evidence of an unlawful overt act.  Id.
at 497B98.

Although we also held that McMahan=s claims of legal malpractice and
breach of fiduciary duty survived summary judgment, our conclusion was based on
evidentiary failure.  Specifically, the affidavit supplied by the
summary-judgment movant was insufficient to establish his entitlement to
judgment as a matter of law.  See id. at 496 (attorney=s affidavit that he was not McMahan=s attorney in 1994 did not refute
McMahan=s allegations and affidavit that the
attorney represented him in 1989).  








In sum, I agree with the majority
that McMahan contains a brief reference to the non-fracturing rule that
is helpful in this case: when examining the pleadings, it is useful to compare
the allegations of fact, causation, and damages asserted in connection with the
breach-of-fiduciary-duty claim and determine if they Ago beyond the mere negligence
allegations in a malpractice action.@  Id. at 495; Majority
Opinion, ante at 13 n.3.  I respectfully disagree, however, with any
implication that the allegations contained in McMahan=s pleadings would or would not
violate the non-fracturing rule.  Because that issue was not resolved in McMahan,
it provides no additional guidance to our resolution of this case.

III. 
Conclusion

I concur in the majority=s conclusion that Trousdale=s legal malpractice claims are
time-barred.  Because I also would conclude that Trousdale=s claim of breach of fiduciary duty
is encompassed in her claim of legal malpractice, I would hold that all of her
claims are time-barred.  I therefore would affirm the summary judgment in its
entirety.  

 

 

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered and Majority and Dissenting and
Concurring Opinions filed June 24, 2008.

 

Panel consists of Justices Yates, Fowler, and Guzman
(Fowler, J., majority).

 









[1]  In Murphy, the Fifth Court of Appeals
explained:

[W]ith
lawyers, the standard of care in negligence claims is often defined by the
characteristics of that inherent fiduciary relationship.  As a result, courts
refer to the fiduciary relationship that the lawyer has to the client and use
fiduciary standards to define the standard of care required of lawyers.  See,
e.g., Two Thirty Nine Joint Venture v. Joe, 60 S.W.3d 896, 905 (Tex.
App.CDallas 2001), rev=d on other grounds, 145 S.W.3d 150 (Tex. 2004).  And courts most often have applied those
standards to conclude that the claims assert professional negligence, not
breach of fiduciary duty.





[2]  See also Weaver v. Wyly, No.
06-98-00141-CV, 1999 WL 691861, at *3 (Tex. App.CTexarkana Sept. 8, 1999, no pet.) (not designated for publication)
(attorney=s failure to return client=s file does not extend legal malpractice limitations
period); Tennison v. Krist, No. 01-97-00039-CV, 1998 WL 502557, at *3
(Tex. App.CHouston [1st Dist.] Aug. 20, 1998, pet. denied) (not
designated for publication) (failure to return file asserted as a basis for
malpractice claim).





[3]  Archer v. Med. Protective Co. of Fort Wayne, Ind.,
No. Civ.A.2:03-CV-314-C, 2004 WL 1194455, at *6 (N.D. Tex. May 28, 2004)
(citing Deutsch, 97 S.W.3d at 190).





[4]  See Jones v. Blume, 196 S.W.3d 440, 447 (Tex.
App.CDallas 2006, pet. denied); see also Burrow v. Arce,
997 S.W.2d 229, 239B40 (Tex. 1999) (client need not prove actual damages
in order to obtain forfeiture of an attorney=s
fee for the attorney=s breach of fiduciary duty); Kinzbach Tool Co. v.
Corbett-Wallace Corp., 138 Tex. 565, 573B74,
160 S.W.2d 509, 514 (1942) (fiduciary must account to his principal for any
benefit received through breach of fiduciary duty); McMahan, 108 S.W.3d
at 496 (claim of breach of fiduciary duty alleged injury to plaintiff/alleged
client rather than benefit to defendant/attorney). 





[5]  We further acknowledged that damages are not
essential to recovery for breach of fiduciary duty.  Id. at 189 (citing Burrow, 997 S.W.2d at 237B47
(holding that, although negligence claim fails if client suffers no damages,
clients still may obtain fee forfeiture as remedy for breach of fiduciary duty,
even in absence of damages)).  This subject is discussed infra at 8B9.





[6]  A>A violation
is clear if a reasonable lawyer, knowing the relevant facts and law reasonably
accessible to the lawyer, would have known that the conduct was wrongful.=@  Id. (quoting Restatement (Third) of the Law Governing Lawyers ' 49 cmt. d (Proposed Final Draft No. 1, 1996)). 
Factors relevant in determining the seriousness of a violation include Athe gravity and timing of the violation, its
wilfulness, its effect on the value of the lawyer=s work for the client, any other threatened or actual harm to the
client, and the adequacy of other remedies.@  Id.
(quoting Restatement (Third) of the Law
Governing Lawyers ' 49 (Proposed Final Draft No. 1, 1996)). 
Protection of the public=s interest in maintaining the integrity of
attorney-client relationships is another factor to be considered.  Id. at
244.





[7]  Cf. Erdman v. State, 861 S.W.2d 890, 897
(Tex. Crim. App. 1993) (McCormick, P.J., dissenting) (distinguishing a case
relied upon by the majority and authored by the dissenting justice).