Affirmed and Memorandum Opinion filed June 3, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01040-CV

___________________

 

Brenda Watkins, Appellant

 

V.

 

James C. Plummer, Appellee



 



 

On
Appeal from the 133rd District Court

Harris County,
Texas



Trial Court Cause No. 2007-39588

 



 

 

MEMORANDUM OPINION

            In this legal-malpractice case, Brenda Watkins appeals
from a traditional summary judgment in favor of attorney James C. Plummer on
the ground of limitations.  Concluding the summary-judgment evidence
established that limitations barred Watkins’s legal-malpractice claim against
Plummer and that Watkins’s other claims were not separate from her legal-malpractice
claim, we affirm.

I

In March 2001, Watkins employed Plummer to represent
her in a products-liability suit against Sulzer Orthopedic, Inc., the
manufacturer of an allegedly defective hip implant Watkins received during hip-replacement
surgery.[1] 
Although Watkins did not remember signing a letter or other document consenting
to Plummer’s referral of the case to another attorney, the record contains her
signed consent to such a referral.  After reviewing Plummer’s medical records,
however, the attorney to whom Plummer referred the case declined to take it and
so informed Plummer in August 2002.

Late in 2002, Plummer informed Watkins the products-liability
case was “over and done” and Watkins needed to get her file.  Plummer returned
Watkins’s file in December 2002.  According to Watkins, the file contained only
her medical records and no legal papers.  The docket sheet in the Sulzer case
contains the following notation:  “9-19-01 NOTE RECEIPT OF copy of alleged
order signed by Judge Kathleen M. O’Malley, U.S. District Ct for Northern
District of Ohio, enjoining all state court Sulzer actions.  No date on order;
order not certified.”  The next notation on the docket sheet refers to an order
dated November 29, 2004, setting the case for trial on June 6, 2005.

In January 2005, Plummer filed a motion to withdraw. 
In the motion, he stated a copy of the motion had been delivered to Watkins and
that she had been advised in writing of her right to object to the motion and
advised of the docket-control deadlines.  By order signed February 8, 2005, the
court denied the motion, stating it had “considered the representations and
found no agreements of the parties.”

In March 2005, after corresponding with Plummer and
Watkins, Sulzer filed a motion to compel Watkins’s discovery responses.[2]  On April 8, 2005,
the court granted the motion and also ordered Watkins to pay $1,000 in
attorneys’ fees.

In an internal memorandum dated March 11, Plummer
informed a staff member that Watkins was saying the first correspondence she had
received from Plummer’s office was something from “last week.”  In the same
memorandum Plummer stated he now viewed Watkins’s file as “a problem.”  According
to Watkins, in March 2005, Plummer first told her “the case was back on the
docket.”  Watkins also reported,

During my telephone conversation
with a woman staff member of Mr. Plummer’s office in March of 2005, I was asked
whether I wanted Mr. Plummer to continue to represent me in the [Sulzer] Litigation
or did I want another attorney to do so.  I told her that I wanted Mr. Plummer
to continue to represent me.  This staff member told me that she would call me
back.  When she did, she told me that Mr. Plummer had said that he did not want
to represent me anymore and to get another attorney.  I said “okay[.”]

On April 11, 2005, Plummer filed a second motion to
withdraw and a motion for continuance.

Sulzer noticed Watkins’s deposition for April 13,
2005.  According to Watkins, she “knew nothing” about the motion to compel and
the court’s order for attorney’s fees “until right before [her] deposition was
taken . . . when [she] received a copy of the April 8, 2005 Order of the Court in the Litigation from
an attorney from Sulzer Orthopedics, Inc.”

On April 15, 2005, at 8:30 a.m., the court heard and
denied Plummer’s second motion to withdraw and motion for continuance.  Watkins
arrived at court one-half an hour late, and claimed that Plummer told her the
proceeding was to start at 9:00 a.m.  The court informed Watkins of its ruling
and also informed her trial was scheduled for June 6, 2005.

On April 19, 2005, the court granted Sulzer’s no-evidence
motion for summary judgment and ordered Watkins to take nothing on her claims
for products liability, breach of implied warranties, 402B misrepresentation,
and fraud.  The court noted Watkins had not responded to the motion.

On May 24, 2005, the court granted Sulzer’s no-evidence
motion for summary judgment on Watkins’s negligence claim.  The court stated the
judgment finally disposed of all parties and claims and was appealable.  By
letter dated June 13, 2005, Plummer purportedly sent Watkins the May 24
judgment, informed Watkins it was a final judgment, and advised her that, if
she wished to appeal, she had to do so within thirty days of the date it was
entered.  Watkins denies receiving the letter.  Her last day to file a notice
of appeal was June 23, 2005.  She did not do so.

On July 6, 2007, Watkins filed her original petition
in the present case, alleging legal malpractice.  She subsequently filed amended
petitions alleging common-law fraud and breach of fiduciary duty in addition to
the legal-malpractice claim.

Plummer answered, entering a general denial and
raising, among other matters, the defense of limitations.  He also moved for
traditional summary judgment on the ground of limitations.  Plummer alleged that,
because a two-year statute of limitations applied to all Watkins’s claims, her
claims expired on June 23, 2007.  Plummer’s summary-judgment evidence consisted
solely of the docket sheet from the Sulzer litigation and the Sulzer court’s
final judgment dated May 24, 2005.

Watkins responded, asserting the discovery rule and
fraudulent concealment.  She alleged she had no actual notice or knowledge of
the May 24 order until July 6, 2005, and that all of her claims accrued on that
date.  She further alleged her claims for breach of fiduciary duty and fraud
were separate from her claim for legal malpractice and were subject to the
four-year limitations period.  In support of her response, she attached a
fourteen-page affidavit and accompanying documents from the Sulzer litigation.

Plummer objected to the form and substance of
Watkins’s affidavit.  He objected to twenty-eight statements prefaced by “I
contend” as expressing “matters of opinion, contentions, speculation,
allegations, or assertions,” and not constituting “direct, unequivocal
statements of fact.”  He objected to statements prefaced by “my present
attorney advised [or told or explained to] me,” as constituting hearsay.  He
objected on the ground of the best-evidence rule to statements in which Watkins
interpreted, commented on, or explained the accompanying documents.  He also
objected to Watkins’s statement that she assumed the June 6 trial had been
postponed as being speculation, and lacking “specificity as to date or time of
the alleged assumption.”  Finally, he objected “to those portions of
Watkins’[s] Affidavit in which she makes factual assertions without any
underlying foundation.”

            Watkins replied. 
She observed, in part, that Plummer did “not even attempt to address that
[Watkins] pled the discovery rule by her Response which required [Plummer] to
negate that exception to limitations.”

            Without ruling on
Plummer’s objections, the trial court granted summary judgment in his favor. 
Watkins filed a motion for new trial, which was overruled by operation of law.

II

Watkins raises two issues.  Both concern the
propriety of the court’s grant of summary judgment in Plummer’s favor.  We review the trial court’s grant of summary judgment
de novo.  Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 156–57
(Tex. 2004); Rodarte v. Investeco Group, L.L.C., 299 S.W.3d 400, 407 (Tex.
App.—Houston [14 Dist.] 2009, no pet.).  In a traditional summary judgment, the
movant bears the burden to show there is no genuine issue of material fact and
he is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985); Rodarte,
299 S.W.3d at 407.  Thus, when a defendant moves for traditional summary
judgment, he must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910,
911 (Tex. 1997); Rodarte, 299 S.W.3d at 407–08. 

In reviewing a motion for summary judgment, we
examine the entire record.  Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006)
(per curiam) (citing City of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex.
2005)).  We take as true all evidence favorable to the non-movant, and we
indulge every reasonable inference and resolve any doubts in the non-movant’s
favor.  Joe, 145 S.W.3d at 157; Rodarte, 299 S.W.3d at 408.  We
review a summary judgment for evidence that would enable reasonable and
fair-minded jurors to differ in their conclusions.  Wal-Mart Stores, Inc. v.
Spates, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam) (citing City of
Keller, 168 S.W.3d at 822, 823); Rodarte, 299 S.W.3d at 408.

A

In issue one, Watkins argues, “The trial court erred
in finding that Plummer, as summary[-]judgment movant, had met his burden of
conclusively establishing his affirmative defense of limitations and had
negated the discovery rule pled by Watkins in Plaintiff's Third Amended
Original Petition in granting final summary judgment in favor of Plummer.”  A
defendant moving for summary judgment on the ground of limitations
must conclusively establish the elements of its affirmative defense.
 KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746,
748 (Tex. 1999).  To satisfy his burden, the defendant
must (1) establish conclusively when the claims in question accrued; and (2)
negate the discovery rule if it applies and has been
pleaded or otherwise raised, by proving as a matter of law that there is no
genuine issue of material fact about when the claimant discovered, or in the
exercise of reasonable diligence should have discovered, the nature of her
injury.  Id.

In his summary-judgment motion, Plummer contended
Watkins’s action accrued on June 23, 2005, the date Watkins “exhausted” any
appeals by virtue of not having filed a notice of appeal.[3]  See Hughes
v. Mahaney & Higgins, 821 S.W.2d 154, 157 (Tex. 1991) (“[W]hen an attorney
commits malpractice in the prosecution or defense of a claim that results in
litigation, the statute of limitations on the malpractice claim against the
attorney is tolled until all appeals on the underlying claim are exhausted.”). 
In support, he offered the final judgment dated May 24, 2005, and the Sulzer
court’s docket sheet.  It is undisputed that a two-year limitation period
applies to legal-malpractice claims.  See Tex.
Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2009);
Apex Towing Co. v. Tolin, 41 S.W.3d 118, 120 (Tex. 2001).  Thus, under
Plummer’s theory and evidence, limitations expired on June 23, 2007, and
Watkins’s claim for legal malpractice, filed July 6, 2007, was time-barred.

Watkins, however, pleaded the discovery rule.  The discovery rule applies to legal-malpractice cases.  See
Willis v. Maverick, 760 S.W.2d 642, 645–46 (Tex. 1988).  Identifying July
6, 2005, as the date her current attorney advised her of the May 24 final
judgment, Watkins alleged she did not discover nor should have discovered
Plummer’s conduct until that date.[4] 
Plummer’s summary-judgment evidence was not responsive to, and did not negate,
the discovery rule.[5]

In determining whether a fact issue exists regarding
when limitations began to run, however, we may consider Watkins’s summary-judgment
evidence.  See Tex. R. Civ. P. 166a(c) (providing summary judgment to be
rendered if “(i) the deposition transcripts, interrogatory answers, and other
discovery responses referenced or set forth in the motion or response, and (ii)
the pleadings, admissions, affidavits, stipulations of the parties, and
authenticated or certified public records” show no genuine issue regarding any
material fact and moving party is entitled to judgment as matter of law on issues
expressly set out in motion, answer, or any other response); White v.
Tackett, 173 S.W.3d 149, 156 & n.29 (Tex. App.—Fort Worth 2005, no pet.)
(stating trial court required to consider all summary-judgment evidence
including movant’s deposition which non-movant filed with her response); see
also Trousdale v. Henry, 261 S.W.3d 221, 235–37(Tex. App.—Houston
[14th Dist.] 2008, pets. denied) (considering non-movant’s as well as movant’s
evidence in concluding no fact question existed regarding when legal-malpractice
causes of action accrued); Rea v. Coffer, 879 S.W.2d 224, 228 (Tex.
App.—Houston [14th Dist.] 1994, no writ) (looking to codefendant’s summary-judgment
evidence negating discovery rule although movant’s evidence failed to negate
rule).

When the discovery rule applies, the cause of action
accrues when the plaintiff knows, or through the exercise of reasonable care
and diligence should have discovered, the nature of her injury and the
likelihood it was caused by the wrongful acts of another.  Seureau v.
ExxonMobil Corp., 274 S.W.3d 206, 228 (Tex. App.—Houston [14th Dist.] 2008,
no pet.); see Childs v. Haussecker, 974 S.W.2d 31, 40 (Tex. 1998).  Thus,
accrual is not delayed until the plaintiff learns of actual causes and possible
cures for his injuries.  Seureau, 274 S.W.3d at 228 (citing PPG
Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship, 146 S.W.3d 79, 93
(Tex. 2004)).  Instead, a plaintiff who invokes the discovery rule still must have
sought information about her injuries and their likely cause once apprised of
facts that would prompt a reasonably diligent person to make an inquiry that
would lead to discovery of the cause of action.  Id.

In the present case, Watkins’s affidavit and attached
exhibits set forth the following events as occurring during litigation of the
products-liability case:

·       
in December 2002, Plummer told Watkins her case was “over and
done,” and returned at least some of her file to her;

·       
in March 2005, Watkins first learned from Plummer that “the case
was back on the docket”;

·       
in March 2005, a member of Plummer’s staff told Watkins that Plummer
did not want to represent Watkins anymore and she should find new counsel, to
which Watkins responded, “OK”;

·       
on April 13, 2005, Watkins first learned of the $1,000 discovery
sanction against her when, five days
after the hearing on the motion to compel, opposing counsel told her;

·       
after Watkins told Plummer she wanted to object to his second
motion to withdraw, Plummer told her the hearing on the motion would be held
April 15, 2005, at 9:00 a.m., but when Watkins arrived, the court informed her the
hearing had been held at 8:30;

·       
the court informed Watkins trial was scheduled for June 6, 2005;

·       
Watkins denied receiving a letter from Plummer, dated June 13,
2005, in which Plummer enclosed the judgment dated May 24, 2005, and informed
Walker the judgment was final; and

·       
Watkins did not learn about the disposition of the case until
July 6, 2005.

            Even viewing
Watkins’s summary-judgment evidence in the light most favorable to her, we conclude
events reflected by this evidence would have prompted a reasonably diligent
client to make inquiry that would have led, at least by June 23, 2005, to
discovery of her cause of action for legal malpractice.  At a minimum, first
learning of the discovery sanction from opposing counsel; purportedly being
given the wrong time for a hearing on counsel’s motion to withdraw, which she
opposed; and knowing the date of trial, but not learning of the outcome from
her attorney shortly thereafter, would have led a reasonable person to question
counsel’s conduct.  Cf. Trousdale, 261 S.W.3d at 235–37 (holding, albeit
on more extensive summary-judgment proof, that events would have prompted
reasonable person to investigate further and ultimately to discover her claims
had been dismissed).

            In sum, because
no fact issue exists regarding when Watkins’s legal-malpractice causes of
action accrued and limitations began to run, the trial court did not err in granting
summary judgment in favor of Plummer on Watkins’s legal-malpractice claims.  See
id. at 237.  Accordingly, we overrule Watkins’s first issue.

B

In issue two, Watkins argues the trial court erred in
granting summary judgment to Plummer on the breach-of-fiduciary-duty and fraud
claims.  A four-year limitations period applies to suits for breach of
fiduciary duty and fraud.  See Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4),
(5) (Vernon 2002).

Plummer does not argue Watkins brought her breach-of-fiduciary-duty
and fraud claims outside the four-year period.  Instead, he argues that these
claims were no more than restatements of her legal-malpractice claims and thus
were governed by the two-year limitations period.  See Goffney v.
Rabson, 56 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2001, pet.
denied) (stating Texas law does not permit plaintiff to fracture legal-malpractice
claims into additional causes of action).

Whether a complaint against a lawyer is actionable in
negligence or another legal theory is a question of law.  Duerr v. Brown,
262 S.W.3d 63, 70 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  In
determining whether a complaint is a claim for negligence or something else, a court is not bound
by the labels the parties give their claims.  Murphy v. Gruber, 241 S.W.3d 689, 697 (Tex. App.—Dallas
2007, pet. denied) (citing State Bar of Tex. v. Heard, 603 S.W.2d 829,
833 (Tex. 1980)).  Instead, we look to the real substance of the claims and may
be informed by the remedy the plaintiff seeks.  See Beck v. Law
Offices of Edwin J. (Ted) Terry, Jr., P.C., 284 S.W.3d 416, 428 (Tex. App.—Austin
2009, no pet.).

If the essence of a client’s complaint is that
the attorney did not exercise the degree of care, skill, or diligence that
attorneys of ordinary skill and knowledge commonly possess, the client should
pursue her complaint as a negligence claim, rather than some other claim. Deutsch
v. Hoover, Bax & Slovacek, L.L.P., 97 S.W.3d 179, 189 (Tex. App.—Houston
[14th Dist.] 2002, no pet.).  If, however, the client’s complaint is more
appropriately classified as another claim—for example, fraud or breach of
fiduciary duty—the client can assert a claim other than negligence.  Id. 
As we explained in Duerr:

A legal[-]malpractice claim focuses on whether an attorney
represented a client with the requisite level of skill, while a
breach[-]of[-]fiduciary[-]duty claim encompasses whether an attorney obtained
an improper benefit from the representation.  Breach of fiduciary duty involves
conduct including failure to disclose conflicts of interest; a failure to
deliver funds belonging to the client; placing personal interests ahead of a
client’s interests; misuse of client confidences; taking advantage of the
client’s trust; engaging in self-dealing; and making material
misrepresentations.

262 S.W.3d at 71.

This court, however, has “never held that
self-dealing, deception, and misrepresentation must all be present in
order for a breach[-]of[-]fiduciary[-]duty claim to stand.”  Trousdale,
261 S.W.3d at 228.  Instead, we stated, “[T]he allegations in support of a
breach[-]of[-]fiduciary[-]duty claim must simply go beyond the mere negligence
allegations in a malpractice action.”  Id.

Watkins’s pleadings, response to the summary-judgment
motion, and affidavit contain allegations Plummer (1) misrepresented that the
litigation concluded in 2002 when it had only been abated, and in doing so put
his interest in a contingency fee above Watkin’s interest in obtaining new
counsel; (2) “lied” in (a) telling the court he would be filing a response to
the first no-evidence motion for summary judgment (b) describing his own skills
and stating he was referring the case to another law firm, (c) stating, in the
motion to withdraw, that he had informed Watkins of the litigation deadlines
and her right to object to the motion, and (d) telling her the time of the
April 15 hearing; (3) “fake[d]” letters indicating he had returned her files to
her and informed her of the May 24 judgment; (4) fraudulently concealed from
her the discovery dispute and the second summary-judgment motion; and (5) “was
in clear conflict of interest by having [her] take the blame for discovery
disputes when it was his fault alone.”

Even when viewed in the light most favorable to
Watkins, at least four aspects of Watkins’s pleadings and summary-judgment
proof lead us to conclude she has raised only a claim of legal malpractice. 
First, although Watkins’s allegations contain generic language used in Duerr
to describe breach of fiduciary duty, the specific conduct Watkins cites
concerns Plummer’s care, skill, and diligence in communicating with her and
handling the case.  See Beck, 284 S.W.3d at 428 (stating court
looks to substance of claims rather than labels).  Second, the statements in
Watkins’s affidavit characterizing Plummer as lying, fraudulently concealing
information, and attributing self-interest as the motive for his behavior are
conclusory.  See Walls Reg’l Hosp. v. Bomar, 9 S.W.3d 805, 807 (Tex.
1999) (per curiam) (concluding affiants’ characterizations of physician’s conduct
and motives were conclusory and failed to raise fact issue).  Third, the only
“benefits” Watkins alleges Plummer sought were the possible receipt of a
contingency fee and having Watkins “take the blame for the discovery
disputes.”  See Duerr, 262 S.W.3d at 71 (“A legal[-]malpractice claim
focuses on whether an attorney represented a client with the requisite level of
skill, while a breach[-]of[-]fiduciary[-]duty claim encompasses whether an
attorney obtained an improper benefit from the representation.”).  Finally,
Watkins has not requested fee forfeiture, a remedy available for breach of
fiduciary duty.  See Burrow v. Arce, 997 S.W.2d 229, 246 (Tex. 1999)
(indicating fee forfeiture is available remedy for breach of fiduciary duty and
listing factors to be considered); Beck, 284 S.W.3d at 428 (stating, in
considering whether claim is for negligence or something else, court may
consider relief sought).

For the preceding reasons, we conclude Watkins’s
claims sound only in negligence.  Accordingly, we overrule Walker’s second
issue.

* * *

            Having overruled
Watkins’s two issues, we affirm the trial court’s judgment.

 

 

 

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

 









[1] The factual background is
derived from both parties’ summary-judgment evidence and other documents of
record.  As set forth below, we view the summary-judgment evidence in the light
most favorable to Watkins, the non-movant.  See Trousdale v. Henry, 261
S.W.3d 221, 224 (Tex. App.—Houston [14th Dist.] 2008, pets. denied).





[2] By this point Sulzer was
known as “Zimmer Austin.”  For simplicity, we shall continue to refer to the
defendant in the products-liability case as Sulzer.

Sulzer sent the correspondence to both Plummer and
Watkins because Sulzer understood there were “some questions as to the
existence of a present attorney-client relationship” between Plummer and
Watkins.





[3] “Accrual” refers to the
date when a limitations period begins to run. Seureau v. ExxonMobil Corp.,
274 S.W.3d 206, 226 (Tex. App.—Houston [14 Dist.] 2008, no pet.).  The date an
action accrues is a question of law.  See Moreno v. Sterling Drug, Inc.,
787 S.W.2d 348, 351 (Tex. 1990).





[4] In her affidavit in
response Plummer’s summary-judgment motion, Watkins averred:  “On July 6, 2005,
my present attorney advised me that the Court had signed an Order on May 24,
2005, which had disposed of my final claim against Seltzer Orthopedics, Inc.” 
Plummer objected to statements prefaced by “my present attorney advised [or
told or explained to] me,” as constituting hearsay.  Plummer did not obtain a
ruling on his objections to Watkins’s affidavit.  Even if one assumes a hearsay
objection may be raised on appeal absent a ruling from the trial court (and we
do not so assume), the quoted statement does not constitute hearsay because it
was not offered for the truth of what Watkins’s attorney had told her.  See
Tex. R. Evid. 801(d).





[5] Plummer’s response to
Watkins’s response to the summary-judgment motion consisted solely of Plummer’s
objections to Watkins’s affidavit.